McINTOSH v. JOHNSON,. Fire Com'r, et al.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

MUNICIPAL CORPORATIONS (§ 601*)—POLICE REGULATIONS—LICENSE AND PER-
MITS—VALIDITY OF ORDINANCE.

　　Under Laws 1911, c. 899, amending Greater New York Charter (Laws
1901, c. 466), authorizing the Municipal Explosives Commission to make
regulations which, when approved by the Fire Commissioner, would con-
stitute a chapter of the Code of City Ordinances, an ordinance accordingly
issued by such commission, prohibiting the issuance of a permit for the
use as a garage of any building located within 50 feet of any school, was
valid, and hence the Fire Commissioner properly refused to issue a permit
for a building located adjacent to a school building at which there was
in attendance daily several hundred small children.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1333; Dec. Dig. § 601.*]

Appeal from Special Term, New York County.

Application for writ of mandamus by James McIntosh to compel
Joseph Johnson, Fire Commissioner, and others, to issue a license for
a building to be used as a garage. From an order denying the writ,
plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE,
SCOTT, and HOTCHKISS, JJ.

Theodore K. McCarthy, of New York City, for appellant.
Terence Farley, of New York City, for respondents.

SCOTT, J. Relator is the lessee of a building in the borough of
Manhattan, city of New York, which has been used by him and others
as an automobile garage since 1903. Permits for its use were issued
yearly until 1910, but since then no permit has been issued. The build-
ing is of brick, containing two stories and a basement, and has fire-
proof floors. The relator has applied for a permit which has been re-
fused, and the purpose of this proceeding is to compel its issuance. In
his application for a permit relator declared it to be his purpose to
store and keep upon the premises 300 gallons of gasoline, 100 gallons
of oil, and 20 gallons of kerosene. The defendants the Municipal Ex-
plosives Commission and the Fire Commissioner base their refusal to
entertain relator's application for a permit upon the fact that the build-
ing for which a license is required is next door and adjacent to a public
school attended by some 1,700 pupils, of whom about 700 are under the
age of ten years. On the other side of the building is a five-story non-
fireproof tenement house. The defendants justify their refusal as
follows:

Chapter 899, Laws of 1911, amended section 727 of the Greater New
York Charter (chapter 466, Laws 1901), by creating a Bureau of Fire
Prevention, and added to the charter 11 new sections (section 774 et
seq.), one of which (section 778c) authorized the Municipal Explosives
Commission to issue certain regulations, which when approved by the
Fire Commissioner should constitute a chapter of the Code of City
Ordinances. Such regulations were accordingly issued and approved.

One of them (366) made it unlawful to use any building as a garage without a permit from the Fire Commissioner. Another (368) provided that such a permit might be issued by the Fire Commissioner upon a written application, and with the approval of the Municipal Explosives Commission.

Among the restrictive provisions contained in another regulation or ordinance (370) is one which forbids the issuance of such a permit for any building, shed, or inclosure "which is situated within fifty feet of a building occupied as a school, theater or other place of public amusement or assembly."

If this ordinance is valid, it affords complete justification for the refusal of the defendants to issue a permit. The relator's contention is that the ordinance or regulation, in so far as it forbids the issue of a license to a garage within 50 feet of a school, is unreasonable and therefore void. We do not so consider it. The affidavits read in behalf of the defendants, which for the purpose of this motion must be accepted as true, show very clearly the constant danger that there is that a fire may break forth in a garage, and that, from the nature of the materials stored therein, the results of such a fire are likely to be very disastrous if a place of assemblage be near by where many persons are congregated, and especially if the place of assemblage be a school filled with young children. The danger perhaps will result rather from panic than from the fire itself, but in either case it is a danger to be guarded against. It appears that there have already been three fires in the very building for which a permit is now asked, but fortunately they all occurred when the school was not in session. The regulation or ordinance is well within the power given by the Legislature and is well adapted to carry into effect the purpose of the legislation. We do not think, and therefore cannot say, that it is oppressive or unreasonable.

The order must therefore be affirmed, with $10 costs and disbursements. All concur.